BOUTALL, Judge.
This is a suit via a declaratory judgment and reconventional demand seeking to settle the issue of ownership of real estate *849 located at 315 Metairie Road, Metairie, Louisiana, between the parties. From a judgment in favor of the defendant, plaintiff has appealed.
There is no dispute as to most of the facts. Elm D. Wood brought a petition for a declaratory judgment seeking to be named owner of the real estate purchased in his name from the Salvation Army by notarial act dated March 7,1974. The property was purchased for his daughter and son-in-law, defendants Rosalie Wood, wife of/and Norbert W. Kohnke, II, for use as their residence at a purchase price of $125,-000.00. Of this amount $25,000.00 was paid in cash, Wood contributing $12,500.00 and the Kohnkes contributing $12,500.00, and the balance of the purchase price was paid by Wood with the proceeds of a collateral mortgage for $100,000.00 through the First National Bank of Commerce. It is conceded that this method of financing was used because Wood was able to obtain a more favorable rate of interest through his own line of credit rather than the Kohnkes. The Kohnkes lived on the premises for several years, and during this interval they apparently paid real estate taxes, insurance and maintained the property. Wood paid the monthly payments on the note amounting to $500.00 plus interest, with no reimbursement from the Kohnkes.
Apparently some problems arose in the marital relationship of the Kohnkes, and some problems arose with the Parish of Jefferson concerning the property. This situation culminated in the execution of a counter-letter in authentic form on March 18, 1977 in which Wood acknowledged that the property was placed in his name for convenience only and that Rosalie Wood, wife of/and Norbert W. Kohnke, II, are the owners of the property, and that they are obligated to reimburse Wood for the full amount of all payments made by him on the initial purchase price and all principal and interest payments thereafter. It was further agreed that Wood would execute a notarial act of sale to the Kohnkes at such time as full payments of the amount then due him were paid. Until that time the Kohnkes granted a mortgage in favor of Wood as security for the payments. No time limit was set in that counter-letter as to time of reimbursement.
The trial judge recognized that counter-letter to be binding upon the parties and rendered judgment in favor of the Kohnkes in accordance with its terms generally. However the trial judge did not consider an agreement executed between the parties an explanation and further delineation of the rights and obligations between them. The validity of this document is disputed by the Kohnkes. It is Wood’s contention that on the same day that the counter-letter was executed, another document was also executed entitled “Agreement by and between Elm D. Wood and Rosalie Wood, wife of/and Norbert W. Kohnke, II.” This document, although drawn in a form which would constitute a notarial act, is only signed by the three parties and the Notary Public. This agreement referred to the counter letter and the obligations of payment and then established a final date on which any and all indebtedness owed Wood by the Kohnkes incurred in connection with the acquisition of the property would be satisfied. In accordance therewith it provided that the indebtedness “will be paid no later than March 21,1978”. It then provided that Wood execute a notarial act of sale as per the counter-letter upon payment and also provided that should the Kohnkes “fail to satisfy all of the indebtedness unto Elm D. Wood incurred pursuant to the acquisition of the property situated at 315 Metairie Road on or before March 21, 1978 they will convey, upon demand being made by Elm D. Wood, all of their right, title and interest in and to this property in return for the payment by Elm D. Wood of the sum of TWELVE THOUSAND FIVE HUNDRED AND NO/100 ($12,500.00) DOLLARS representing the initial down payment on said property originally made by Rosalie Wood, wife of/and Norbert W. Kohnke, II.”
The Kohnkes did not pay the indebtedness during that time limitation and slightly more than two years later, on June 12, 1980, Wood made demand that the Kohnkes *850 execute a deed translative of title in accordance with the agreement. The Kohnkes refused and this suit followed.
The basic issue is the validity of that agreement. If it is valid and its terms are to be carried out, then judgment must be delivered in favor of Wood recognizing him as the owner of the property upon payment of the $12,500.00. On the other hand, if the agreement is not effective, then the Kohnkes should be recognized as owners under the counter-letter, with Wood having a mortgage against the property for the amount expended. In the reasons for judgment, no mention was made of the validity of the agreement. We conclude that the agreement was valid and should be given effect.
The Kohnkes do not deny their signatures but contend either that the document was signed through some inadvertence or inattention, and they were not aware of its existence or its import. Although Wood and the Notary Public who signed the agreement are not certain as to the time it was signed by each of the parties, it is reasonable to conclude that it was signed at the time of the execution of the counter-letter because it is signed by the same parties and Notary as the counter-letter and compliments the agreement contained in the counter-letter itself, reciting that it was signed on the same date. The parties all indicate that the reason for the execution of the counter-letter at that specific time was because of a problem that Kohnke was experiencing with the Parish of Jefferson concerning the property and that he needed some evidence of ownership in order to proceed to press his rights against the Parish. It would be compatible to have a separate agreement further delineating the total agreement between the parties rather than to further confuse his position as owner insofar as the Parish of Jefferson was concerned by appearing to provide for a sort of dation en paiement in advance.
Additionally, we point out the debt relationship between the parties. Wood had paid on the collateral mortgage the following amounts: $39,340.33 as of the date of the counter-letter, March 18,1977, and $48,-341.56 as of the date of payment due under the agreement, March 21, 1978. To these sums of course must be added the $12,-500.00 in cash for the initial down payment. The only reimbursement made by Kohnke was the sum of $23,500.00 paid on June 17, 1977, some three months after the counter-letter. Thus, there was due and owing to Wood at the time of the due date of the agreement the sum of $35,341.56. Since that time Wood has continued to pay the monthly payments of $500.00, plus interest which is variable but amounted at that time to roughly another $500.00 monthly, and in addition has paid taxes on the property. The Kohnkes have not made any legal tender of the amount owed. Kohnke’s explanation of this is that Wood has never informed him of the exact amount owed, <.but it certainly is easily computable from the terms of the collateral mortgage.
Based upon the validity of the agreement between the parties and the above facts, we conclude that the terms of the agreement are enforceable by Wood and that the Kohnkes failed to satisfy all of the indebtedness incurred by Wood pursuant to the acquisition of the property. Accordingly, under the terms of the agreement the Kohnkes are obligated to transfer to Wood all of their right, title and interest to the property for the payment by Wood of the sum of $12,500.00 representing the amount of the initial down payment originally made by Rosalie and Norbert Kohnke. In order to facilitate that transfer, we will grant the declaratory relief prayed for by Wood effectuating the transfer by the terms of this judgment.
Accordingly, the judgment appealed from is reversed and there is now judgment in favor of Elm D. Wood and against Rosalie Wood, wife of/and Norbert W. Kohnke, II, declaring that Elm D. Wood is the true title owner of the immovable property described hereinafter and that Rosalie Wood, wife of/and Norbert W. Kohnke, II, have no interest whatsoever in the said property, conditioned upon the payment by Elm D. Wood of the sum of $12,500.00 into the *851 registry of the trial court within 30 days of the effective date of this judgment. Unless such deposit is timely made, this suit is dismissed as of non-suit. The property is described as follows:
“A CERTAIN PORTION OF GROUND, together with all the rights, ways, privileges, servitudes, advantages and prescriptions thereunto belonging, or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, said tract according to tax deed dated November 20, 1933, is triangular and measures 104 feet on Metairie Road, by 104 feet on Metairie Bayou and 135 feet on Carrollton Street, and, according to a plan by Adloe Orr, Surveyor, dated May 14, 1951, a copy of which is annexed to act under private signature dated February 14, 1953, said portion of ground is designated by the Letter “S” and measures 83.24 feet on Metairie Road, 132.54 feet on Papworth property, 82.19 feet on the Grenadine Street side (which frontage is on Metairie Bayou) and 135 feet on Carrollton Street.
ALSO
A CERTAIN PIECE OR PORTION OF GROUND, together with all the rights, ways, privileges, servitudes, advantages and prescriptions thereunto belonging or in anywise appertaining situated in the Parish of Jefferson, State of Louisiana, in Metairie Nursery Division as shown on plan of H.L. Zander, Parish Surveyor, dated May 4, 1915 which property is described as follows: LOTS “A”, “B”, “C” and “D” of BLOCK 1 of said subdivision, which said Block is bounded by Metairie Road, Dahlia Street and the line of Me-tairieville and Lot “A” is triangular in form and measures 125 feet on Metairie Road, 71 feet, 4 inches on line of Lot “B” and 142 feet on line of Metairieville; Lot “B” measures 70 feet on Metairie Road, 71 feet, 4 inches on line of Lot “A” and 109 feet, 5 inches on side of Lot “C” and 99 feet, 8 inches on rear line of Metairie-ville: Lot “C” measures 30 feet on Me-tairie Road, 109 feet, 5 inches on line of Lot “B”, 125 feet, 9 inches on line of Lot “D”, and 34 feet, 1 inch rear on line of Metairieville; Lot “D” measures 65 feet on Metairie Road, 125 feet, 9 inches on line of Lot “C”, 161 feet on side Lot 1 and 73 feet, 11 inches on rear on line of Metairieville.
All in accordance with survey made by J.J. Krebs & Sons, Inc., dated August 14, 1973, and the property firstly described hereinabove is designated as Plot or Lot “S” of Square 17, Metairieville.
All costs of these proceedings shall be borne by Rosalie Wood, wife of/and Norbert W. Kohnke, II.
REVERSED AND RENDERED.